REDMANN, Judge
(dissenting).
In my opinion Bancroft retained no liability whatsoever on the lease (despite the anomalous eviction of Wagner by Bancroft —as agent, Fahnert testified, of LaNasa). LaNasa, joining in a notarial act, “acquiesce [d] in [the lease’s] assignment” to Wagner, and by separate written document agreed with Wagner alone that the minimum rent of $325 specified in the lease should be increased by “any increase in the *834 cost of living (National Consumer Index) from January, 1966.”
LaNasa testified that he signed the lease assignment to consent to a “sublease” because “that is part of the stipulation in the lease that he has to get permission from the owner.” In fact the lease grants the right to sublease, by special typewritten clause. LaNasa also testified that the agreement with Wagner was only for an option to renew the lease. The first paragraph of that agreement is such an option, but other paragraphs govern electricity and water charges during the original lease period, and the rent paragraph increases rent “under this lease” to include cost of living increase from 1966 (while in the option paragraph increases are from 1972).
The agreement between LaNasa and Wagner for a different rent relieved La-Nasa from the obligation of permitting use of the premises for the former rent, but it also relieved Wagner — and Bancroft and especially Bancroft’s surety, Fahnert— from the obligation of paying for the former rent.
The judgment appealed from should be reversed.